[Cite as *State v. Riffe*, 2014-Ohio-2334.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      13CA010442 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL D. RIFFE | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.     CRB1201505 |

DECISION AND JOURNAL ENTRY

Dated: June 2, 2014

HENSAL, Judge.

{¶1}   Michael Riffe appeals his conviction for domestic violence in the Lorain Municipal Court.  For the following reasons, this Court affirms.

I.

{¶2}   T.W. testified that she was getting ready for work around 5:30 a.m. on May 8, 2012, when Mr. Riffe, her ex-husband, entered her house through the back door.  She was surprised to see Mr. Riffe and thought that something must have happened in his family.  He told her that they needed to talk, and explained that he thought she had ruined their daughter's recent wedding by bringing a date to it.  According to T.W., she told Mr. Riffe that she was getting ready for work and that he needed to leave.  When she tried to walk by him, however, he grabbed her by the back of her shoulders and kicked her in the tailbone.

{¶3}   T.W. testified that, after Mr. Riffe kicked her, she told him that she was going to call the police.  He encouraged her, pointing out that it would upset their daughter who was

going through a high risk pregnancy. She waited until after work, therefore, to file a criminal complaint so that she would have time to explain the situation to their daughter first.

{¶4} Mr. Riffe testified that he did not go to T.W.'s house on May 8, 2012. He said he was living with his mother at the time and woke only briefly that morning while she was getting ready for work. After he checked on his mother, he went back to bed and continued sleeping until his son telephoned to yell at him for injuring T.W. He also testified that he did not have a problem with anything T.W. did at the wedding.

{¶5} In addition to testifying, Mr. Riffe called his mother and a neighbor regarding his whereabouts at 5:30 a.m. on May 8, 2012. According to Mr. Riffe's mother, when she left for work around 5:15 a.m. that day, Mr. Riffe was still in bed. According to a neighbor who lived across the street from Mr. Riffe, when she saw her husband off to work around 6:00 a.m., Mr. Riffe's truck was in his driveway. Mr. Riffe testified that it takes 35 minutes to drive from his mother's house to T.W.'s house. T.W., however, testified that it takes only 15 to 20 minutes.

{¶6} The trial court found Mr. Riffe guilty of domestic violence. It sentenced him to thirty days in jail, which it suspended. Mr. Riffe has appealed, assigning two errors, which this Court has combined for ease of consideration.

II.

ASSIGNMENT OF ERROR I

APPELLANT MICHAEL RIFFE'S JUDGMENT OF CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR II

APPELLANT MICHAEL RIFFE'S JUDGMENT OF CONVICTION FOR DOMESTIC VIOLENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶7}** Mr. Riffe argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. If, on the other hand, a defendant asserts that his conviction is against the manifest weight of the evidence:

> [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins* at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340.

**{¶8}** The trial court found Mr. Riffe guilty of domestic violence under Revised Code Section 2919.25. That section provides that "[n]o person shall knowingly cause * * * physical harm to a family or household member." R.C. 2919.25(A). "[H]ousehold member" includes "a

former spouse of the offender." R.C. 2919.25(F)(1)(a)(i). Physical harm means "any injury * * * regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶9} Mr. Riffe argues that his conviction must be set aside because T.W.'s testimony was not credible and the evidence he presented established that he could not have been at T.W.'s house when she claimed. Because the substance of Mr. Riffe's arguments pertain to whether the State's evidence should be believed and not whether the State presented enough evidence to convict him, we will limit our analysis to whether his conviction was against the manifest weight of the evidence.

{¶10} T.W. testified that Mr. Riffe was at her house on the morning of May 8, 2012, and that he kicked her from behind while he was there. Mr. Riffe, however, testified that he was at home sleeping during the alleged assault. This Court has explained that issues of credibility are primarily reserved for the trier of fact. *State v. Carr*, 9th Dist. Summit No. 26661, 2014-Ohio-806, ¶ 42. "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness[es]' testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013–Ohio–4022, ¶ 15.

{¶11} Regarding the testimony of Mr. Riffe's mother and neighbor, we note that they did not give the exact time of their observations. Mr. Riffe's mother testified that she left for work "about a quarter after 5." His neighbor testified that she saw Mr. Riffe's truck in his driveway when her husband left for work, which was "about 6 o'clock." According to T.W., it takes 15 to 20 minutes to drive between Mr. Riffe's house and her house and he was at her house that morning "[m]aybe 20 minutes." Given the imprecision in the witnesses' testimony, it would have been possible for Mr. Riffe to leave his house immediately after his mother, drive to T.W.'s house, stay close to 20 minutes, and return home before his neighbor left for work.

{¶12} Mr. Riffe also argues that T.W.'s testimony was incredible because she did not call the police or seek medical treatment right away. According to T.W., she did not call the police right away because she had to go to work and because of the stress it would cause their daughter. She said that, even though she was in pain, she did not seek medical treatment right away because she had a job to do and bills to pay. She also initially thought that her injury was just a sprain that would heal by itself.

{¶13} After careful review of the record, we conclude that this is not the exceptional case where the trial court lost its way when it found Mr. Riffe guilty of domestic violence. Mr. Riffe's assignments of error are overruled.

III.

{¶14} Mr. Riffe's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL J. TONY, Attorney at Law, for Appellant.

BARRY B. MOTSCH, Assistant Prosecuting Attorney, for Appellee.